IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Dennis A. Leverette, | ) | C/A No. 3:19-cv-00268-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Louis Berger U.S., Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff Dennis A. Leverette's ("Plaintiff") Motion to Reconsider the Order Granting Defendant Louis Berger U.S., Inc.'s ("Defendant") Motion for Summary Judgment. [ECF Nos. 80, 82.] Plaintiff asks the court to alter and amend its order to prevent manifest injustice by granting Plaintiff leave to pursue his previously withdrawn wrongful discharge claim. [ECF Nos. 82.] Defendant filed a response in opposition to the motion, and Plaintiff filed a reply. [ECF Nos. 83, 84.] The matter is ripe for resolution by the court.

Motions to reconsider are governed by Rule 59(e) of the Federal Rules of Civil Procedure. The rule provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Further, the Fourth Circuit Court of Appeals has interpreted Rule 59(e) to allow the court to alter or amend an earlier judgment only: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in

1

the first instance." *Pacific Ins.*, 148 F.3d at 403.  Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted).  "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Against these standards, Plaintiff's motion unavoidably fails.  Plaintiff has not established "manifest injustice" compelling this court to alter or amend its order under Rule 59(e).  At the outset, Plaintiff does not argue against or take issue with the court's findings or application of the law in its order granting summary judgment on his False Claims Act ("FCA") anti-retaliation claim, 31 U.S.C. § 3730(h)(1).  [ECF Nos. 82, 84.]  Instead, Plaintiff asserts "[t]he gamesmanship of motions practice has deprived Plaintiff of a jury trial for a viable case of wrongful discharge."  [ECF No. 82-1 at 4.]

To this end, Plaintiff asserts he had concerns about his ability to assert a viable FCA claim, which is why he originally brought this action only through a common law wrongful discharge claim.[1]  Plaintiff states he withdrew his wrongful discharge claim and substituted an FCA claim in its place because he thought the Honorable Terry L. Wooten ordered him to do so.[2]  [ECF No. 84 at 1.]  Plaintiff apparently viewed a prior order by Judge Wooten in this case generously permitting Plaintiff leave to amend his complaint to assert an FCA claim as also assuring Plaintiff

---

[1] *See, e.g.*, ECF No. 82-1 at 4 (arguing Defendant's motions "attempt to force Plaintiff to allege a cause of action that it then argued does not satisfy the statutory elements and *prima facie* case requirements."); ECF No. 21 at 7 ("Here, no FCA action has been initiated by Plaintiff because the billing was not changed to reflect the wrong appropriation for time.").

[2] "To Plaintiff and his counsel, the Court's usage of '*a* cause of action' within the Order meant an instruction from the Court to solely file the False Claims Act claim." [ECF No. 84 at 1 (emphasis in original).]

2

he had a viable FCA claim a jury would hear. Now, Plaintiff acknowledges he may have misunderstood Judge Wooten's order. [ECF No. 84 at 3.]

According to Plaintiff, the undersigned's findings concerning Defendant's entitlement to summary judgment on Plaintiff's FCA retaliation claim conflict with Judge Wooten's orders allowing Plaintiff leave to assert an FCA claim and denying Defendant's prior motion to dismiss, or alternatively for summary judgment, so the parties could proceed with discovery. [ECF No. 82-1 at 4; ECF Nos. 26, 37, 80.] Plaintiff asserts "[t]he end result of these conflicting judicial opinions is that the Court has deprived Plaintiff of a remedy for his unlawful discharge." [ECF No. 82-1 at 4.] However, Judge Wooten's orders and the undersigned's summary judgment order do not remotely conflict. The October 16, 2019 order by Judge Wooten denies Plaintiff's prior motion to toll the FCA statute of limitations and grants Plaintiff leave to amend his complaint to add an FCA claim.[3] [ECF No. 26.] The order does not order Plaintiff to withdraw or remove his wrongful

---

[3] On June 13, 2019, Defendant filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) asserting Plaintiff's common law wrongful discharge claim was "fatally and irreparably flawed as a matter of law" because it was "barred under clear and abundant South Carolina law holding that wrongful discharge claims are barred where the plaintiff has an existing statutory remedy." [ECF No. 18 at 1.] Plaintiff opposed Defendant's Rule 12(c) motion asserting, among other things, his "insufficient facts here to support qui tam or retaliation claims under the FCA" and his "ha[ving] no available means or recourse other than his claim for wrongful termination in violation of public policy." [ECF No. 21 at 12.] Plaintiff requested, if the court agreed with Defendant's Rule 12(c) arguments, it permit him leave to amend his complaint to add an FCA claim. *Id.* at 12-14. Thereafter, Plaintiff moved the court to equitably toll his statute of limitations on the potential FCA claim. [ECF No. 24.] On October 16, 2019, the Honorable Terry L. Wooten declined Plaintiff's request, but allowed Plaintiff leave to amend his complaint. [ECF No. 26.] Plaintiff filed a second amended complaint removing the wrongful discharge cause of action and replacing it with a claim for retaliation in violation of the FCA, 37 U.S.C. § 3730(h). [ECF No. 27 at ¶¶ 33–41.] The filing of the second amended complaint rendered the motion for judgment on the pleadings moot. [ECF No. 28.] Defendant then moved to dismiss the second amended complaint, or alternatively for summary judgment, arguing Plaintiff's representations in opposition to the prior motion for judgment on the pleadings constitute judicial admissions Plaintiff did not have a viable FCA claim. [ECF No. 29.] Judge Wooten denied Defendant's motion by order dated April 14, 2020. [ECF No. 37.] He concluded "there [was] no intentional waiver of legal defenses" by Plaintiff; instead, "Plaintiff [] merely altered his legal conception of his claim[.]" *Id.* at 9. Judge

discharge claim. *Id.* Nor does it instruct Plaintiff he could not maintain the then-existing common law claim in a second amended complaint. *Id.* And, like Judge Wooten's order denying Defendant's prior motion to dismiss, or alternatively for summary judgment, the order in no way rubber stamps or assures the eventual success of any FCA claim asserted by Plaintiff. *Id.* Ultimately, and as thoroughly discussed in the undersigned's order on Defendant's motion for summary judgment, Plaintiff was simply unable to establish a jury question for a viable FCA claim. [ECF No. 80.]

At the end of the day, Plaintiff's decision to file a second amended complaint to assert a single claim under the FCA, despite doubting the viability of any such claim, was his decision. Despite Plaintiff's apparent position, he is not automatically entitled to present his wrongful discharge and/or retaliation-related allegations in some form or fashion to a jury—i.e., if he does not have a viable FCA claim he must have a viable wrongful discharge claim and vice versa. Moreover, Plaintiff does not of necessity get a second bite at the apple under his previously abandoned wrongful discharge count simply because his forecasted deficiencies with his FCA claim came to fruition. [ECF No. 82-1 at 5 (arguing "[i]f [he] has no available means of recourse through the False Claims Act, then his claim for wrongful termination in violation of public policy remains viable and Plaintiff should be able to continue this case under his original cause of action.").]

In sum, Plaintiff's circular arguments do not convince the court. Judge Wooten's orders gave Plaintiff an opportunity to try to state and support an FCA claim, but Plaintiff's ultimate inability to get his FCA claim before a jury does not equate to "manifest injustice" or other grounds

---

Wooten further found "it [then] appropriate at th[at] stage to deny the motion for summary judgment so that the parties may have the opportunity to proceed with discovery." *Id.* at 10. The case proceeded to discovery, depositions, and dispositive motions on the FCA claim.

4

for the court's amendment or alternation of its order. Rule 59(e) does not permit the court to rescue Plaintiff from his strategic and procedural oversights or regrets in this case. Plaintiff's motion and arguments fail to satisfy Rule 59(e)'s high bar for the court altering or amending its judgment.[4]

For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 82, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

August 12, 2022
Columbia, South Carolina

---

[4] Plaintiff also asserts the court should again freely grant him leave to amend his complaint for a third time after this case has been dismissed. [ECF No. 84 at 2.] Rule 15 no longer governs his belated request, however, as Plaintiff's request comes far outside the deadline to amend pleadings under the scheduling order. In contrast to the initial liberal leave standard of Fed. R. Civ. P. 15(a), "after deadlines provided for by a scheduling order have passed, the good cause standard [of Rule 16] must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citations omitted). Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[G]ood cause means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997) (citation omitted). The court does not find Plaintiff has demonstrated any diligence in bringing the substantive arguments in his present motion to the court's attention.